IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARKUS HUNTER, Inmate #A50324,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **MARK SHUMAKE, JOSE DELGADO,** | ) |
| **ELAINE BOWERS, DANNY BRITTON,** | )   CIVIL NO. 04-216-JPG |
| **LINDA ELLIS, DWAYNE B. ROSS,** | ) |
| **BRYAN ELLIS, CHARLES L. HINSLEY,** | ) |
| **DOUGLAS A. CRAVENS, NANCY S.** | ) |
| **TUCKER, DONALD N. SNYDER, JR.,** | ) |
| **and ERNESTO VELASCO,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Against Defendants Bowers, Britton, Linda Ellis, and Ross for due process violations in two disciplinary hearings.

**COUNT 2:**   Against Defendants Cravens, Bryan Ellis, Hinsley, and Snyder for failure to properly respond to his grievances.

**COUNT 3:**   Against Defendants Shumake and Delgado for interfering with his legal mail and his right of access to courts.

**COUNT 4:**   Against Defendants Bowers, Britton, Cravens, Delgado, Bryan Ellis, Linda Ellis, Hinsley, Ross, Shumake, and Snyder for improper retaliation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

<u>COUNT 1</u>

Plaintiff states due process violations in two disciplinary proceedings.  First, on March 26, 2002, Defendant Shumake wrote a disciplinary report against Plaintiff for "dangerous communication" when he confiscated outgoing legal mail that contained, according to the disciplinary report filed as an exhibit to the complaint, communications about a gang leader.  At a

subsequent disciplinary hearing, adjudicated by Defendant Britton and Ross, Plaintiff was found guilty of the charges and was disciplined with six months C-grade, six months segregation, and revocation of six months of good time credit. Plaintiff also states that he was denied due process at the disciplinary hearing because of the following: he was innocent of the charges because the correspondence was legal mail he was sending to the "Wrongful Conviction Center" at a law school regarding his criminal case, and not to anyone on the streets; he requested that witnesses be called on his behalf, but that they were not called; he was not given written reasons why the witnesses were not called; nor was he informed what evidence was relied upon in finding him guilty.

Second, on December 19, 2002, Defendant Delgado wrote a disciplinary report against Plaintiff for sending six Christmas cards out through the mailroom that were signed with Plaintiff's gang rank and name, in violation of prison regulations. Defendants Britton and Linda Ellis presided over the subsequent disciplinary hearing. Plaintiff states that Defendant Linda Ellis walked off during the reading of the charge and later admitted to Plaintiff that Defendant Britton was solely responsible for finding Plaintiff guilty of the charge. Plaintiff also states that he was innocent of the charges because the cards were for his family members. Plaintiff was punished with six months C-grade and six months disciplinary segregation.

Plaintiff also states, although not specifically in connection with either of these disciplinary actions, that Defendants Bowers and Britton forged disciplinary committee members signatures on reports, and that Britton failed to recuse himself from the disciplinary hearings, although Plaintiff does not state why he it would be necessary for him to do so.

When a plaintiff brings an action for procedural due process violations, he must show at the outset that he was deprived of a constitutionally protected interest in "life, liberty, or property"

without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate.  Plaintiff challenges two disciplinary proceedings.  In the March 2002 proceeding, Plaintiff was disciplined with a six-month demotion to C-grade, six months in segregation, and lost six months good time credit.  In the December 2002 proceeding, Plaintiff was disciplined with a six-month demotion to C-grade and six months in segregation.

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 483 (1995).   In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for six months on each disciplinary charge in violation of his right to procedural due process.  However, he has no protected liberty interest in remaining in the general population.  *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).  Plaintiff also has no liberty interest in being demoted to C-grade.  *See, e.g., Thomas* 130 F.3d at 762 n.8 (and cases cited therein) (no protected liberty interest in demotion to C-grade status).

A loss of good time credit, however, does implicate a liberty interest because such a loss affects the length of Plaintiff's sentence.  As such, Plaintiff *does* present a cognizable due process claim regarding good time credit revoked in the March 2002 disciplinary proceeding.  However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after

Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

### COUNT 2

Plaintiff states that he filed a grievance regarding the March 2002 disciplinary report and hearing, but that it was denied. He states that the Administrative Review Board (Defendant Cravens) and Defendant Snyder affirmed the denial of the grievance, but without sufficiently stating the evidence upon which they relied in so denying. Plaintiff filed a second grievance that was denied as untimely. Later, Plaintiff sought a copy of the grievance and was told it was lost. Plaintiff states that Defendants Bryan Ellis and Hinsley refused to provide him with a copy. Plaintiff also grieved the December 2002 disciplinary report and subsequent hearing, but that grievance was denied by Defendants Bryan Ellis and Hinsley. Plaintiff appears to state that these actions violate due process.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). As such, Plaintiff fails to state a claim of

constitutional dimension. Accordingly, this claim is **DISMISSED** with prejudice from the action. *See* 28 U.S.C. § 1915A.

**COUNT 3**

Plaintiff states that the actions of Defendants Shumake and Delgado in confiscating his legal mail constituted denial of access to courts. Plaintiff states that the documents confiscated by Defendant Shumake in March 2002 were legal materials he was sending to a law school and that proved he was actually innocent of criminal charges. He states that the mail had been sealed in front of staff in accordance with prison regulations before being sent for mailing and that Defendant Shumake opened the sealed mail. The mail confiscated by Defendant Delgado in December 2002 consisted of six Christmas cards. Christmas cards are not legal mail. Thus, the claim can only be based upon the documents confiscated in March 2002. The allegations surrounding these documents essentially state two separate claims. First, a claim of interference with legal mail, and second, a denial of access to courts.

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Whether Plaintiff states a claim depends upon the assumption that the documents in question were privileged, and therefore entitled

to greater protection. Plaintiff states that the documents included statements of witness recantation and a newspaper article. The disciplinary report included with the complaint indicates that the documents consisted of letters to gang members and a newspaper article with a handwritten comment about a "snitch," which presented a security concern to the Illinois Department of Corrections. Plaintiff does not indicate whether the letters were marked as legal mail, but he does state they were sealed in his presence by prison staff. While it is true that "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987), based on the factual conflict presented in the complaint, the Court cannot determine at this stage of the litigation whether the confiscation of these documents constitutes interference with legal mail. Accordingly, the claim of Defendant Shumake's interference with legal mail cannot be dismissed at this point in the litigation.

Plaintiff states specifically that the confiscation of this legal mail interfered with his constitutional right of access to courts. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*,

965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

Plaintiff has not shown any detriment resulting from illegal conduct that affects any litigation, much less a substantial prejudice to specific litigation as required in this circuit. As such, Plaintiff has failed to state a claim of denial of access to courts. Accordingly, this claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff is allowed to proceed against Defendant Shumake on his claim of unconstitutional interference with legal mail.

## COUNT 4

Finally, Plaintiff states that all the actions described above--the denial of due process, the failure to respond to grievances, the interference with his legal mail, and the denial of access to courts–were taken in retaliation for a prior lawsuit brought against Tamms officials and past grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file

an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). As such, this claim cannot be dismissed at this point in the litigation.

### DEFENDANTS

Plaintiff appears to state that all Defendants listed in the caption were involved in the conspiracy to retaliate against him. However, he makes specific claims against only Defendants Bowers, Britton, Cravens, Delgado, Bryan Ellis, Linda Ellis, Hinsley, Ross, Shumake, and Snyder.

The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, Defendants Tucker and Velasco, against whom no specific allegations are made, are **DISMISSED** from the action.

### SUMMARY AND CONCLUSION

In summary, Plaintiff may proceed against Defendant Shumake on the legal mail claim in Count 3 and against Defendants Bowers, Britton, Cravens, Delgado, Bryan Ellis, Linda Ellis, Hinsley, Ross, Shumake, and Snyder on Count 4.  All other claims are dismissed from the action in accordance with the analysis conducted in the preceding pages.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for **Defendants Bowers, Britton, Cravens, Delgado, Bryan Ellis, Linda Ellis, Hinsley, Ross, Shumake, and Snyder**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on **Defendants Bowers, Britton, Cravens, Delgado, Bryan Ellis, Linda Ellis, Hinsley, Ross, Shumake, and Snyder** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: June 13, 2006**

                                                 **s/ J. Phil Gilbert**
                                                 **U. S. District Judge**