IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKUS HUNTER, Inmate #A50324,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| vs.   ) | CIVIL NO. 04-216-JPG |
| ) | |
| MARK SHUMAKE, *et al.*,   ) | |
| ) | |
| **Defendants.**   ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This action comes before the Court on Plaintiff's motion to reconsider (Doc. 10). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question was entered in this action on June 13, 2006, and the instant motion was filed on June 27, 2006, but dated June 21, 2006, within the 10-day period. *See* FED.R.CIV.P. 59(e). Giving Plaintiff the benefit of the doubt regarding mailing, the Court will construe the motion, under *Deutsch*, as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence

that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

This civil rights action involves a disciplinary proceeding that resulted in the loss of good time credit as well as time in disciplinary segregation. Applying the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court dismissed the loss of good time credit claim without prejudice to Plaintiff pursuing his claims in habeas corpus after first exhausting his state court remedies (*see* Doc. 7).[1] In his instant motion, Plaintiff argues that the Court incorrectly applied the law. Because Plaintiff is serving three life sentences without possibility of parole, he argues that the revocation of good conduct credit does not actually affect the duration of his confinement. Therefore, he should be allowed to proceed regarding the loss of good conduct credit under Section 1983. He bases his argument on *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000), which specifically held "that the unavailability of federal habeas relief does not preclude a prisoner from bringing a § 1983 action to challenge a condition of his confinement that results from a prison disciplinary action." *Id.* at 618.

The Court first notes that the complaint makes no mention of Plaintiff's life sentences. That Plaintiff failed to inform the Court that he was serving a life sentence cannot also be considered a mistake of law or fact, as it is not stated in the complaint. The Court will not determine any facts not presented on the face of the complaint. Further, such an argument does not involve newly discovered evidence that could not have been discovered previously, as contemplated by Fed. R. Civ. P. 59(e). Nonetheless, the Court will address the merits of Plaintiff's argument.

---

[1] Before dealing with the loss of good-time credit, the Court had already found that Plaintiff had no liberty interest, and thus no due process claim, in his placement in disciplinary segregation and demotion to C-grade.

*Dewalt* involved a disciplinary proceeding in which an inmate was punished with loss of his prison job. *Id.* at 617. In that case, the Seventh Circuit thoroughly reviewed the history of Supreme Court case law involving the overlap between civil rights law and habeas corpus law in prison disciplinary proceedings. *Id.* at 614-16. *See generally Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Spencer v. Kemna*, 523 U.S. 1 (1998). The Circuit then examined the application of these principles by the Second Circuit. *Dewalt*, 224 F.3d at 616-17. *See Jenkins v. Haubert*, 179 F.3d 19, 27 (2$^d$ Cir. 1999) (holding that *Heck* does not bar a civil rights action that challenges a disciplinary proceeding resulting in segregation time). The Circuit then found that Dewalt could proceed under Section 1983, as his sanction "[did] not challenge the fact or duration of his confinement, but only a condition of his confinement – the loss of his prison job. Consequently, under our precedent, Mr. DeWalt may not pursue a habeas action." *Dewalt*, 224 F.3d at 617.

Plaintiff interprets *Dewalt* as saying that a Section 1983 action is not barred when a disciplinary proceeding does not affect the length of an inmate's sentence. However, he is incorrect in this interpretation. The Circuit specifically stated:

> The [Supreme] Court simply ***never*** has "announced that the *Heck* rule bars a prisoner's challenge under § 1983 to an administrative or disciplinary sanction that does not affect the overall length of confinement."

*Dewalt*, 224 F.3d at 616 (citing *Jenkins, supra*) (emphasis added). *See also Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003) ("our opinion in *DeWalt* holds that where a prisoner-litigant challenges only the conditions of confinement, rather than the fact or duration of his confinement, *Heck's* favorable-termination requirement does not apply, because federal habeas corpus relief is not available").

Even if Plaintiff was entitled to bring his loss of good time credit claim under 42 U.S.C. § 1983, it would still fail as a matter of law.  When a plaintiff brings an action for procedural due process violations, he must show at the outset that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate.  The Seventh Circuit has recognized that a liberty interest in good time credit is created by statutory entitlement.  *See Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001) ("good-time credits are statutory liberty interests").  Under Illinois statute, prisoners serving life sentences receive no good conduct credit.  *See* 730 ILCS 5/3-6-3(a)(2.2).  Accordingly, without a statutory guarantee of or entitlement to good conduct credit, Plaintiff has no liberty interest in good conduct credit or the loss thereof, and the Court need not continue with an evaluation of what or how much process is due.  *See Montgomery*, 262 F.3d at 644 (without deprivation of a liberty interest, "the state is free to use any procedures it chooses, or no procedures at all").

Thus, upon review of the record, the Court remains persuaded that its ruling dismissing Plaintiff's due process claims pursuant to 28 U.S.C. § 1915A was correct.  Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**Dated: July 13, 2006**

                                                     s/ J. Phil Gilbert
                                                    **U. S. District Judge**